UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH THOMAS                                    CIVIL ACTION

VERSUS

MCDONALD'S CORPORATION                      NO.: 15-00172-BAJ-SCR

ORDER

Before the Court is an unopposed **Motion to Dismiss By Extinguishment (Doc. 27)** filed by Valman Essen, L.L.C. ("Defendant"), seeking dismissal with prejudice of Deborah Thomas's ("Plaintiff") complaint, as amended. For the reasons stated below, the Motion is **GRANTED**.

I.    BACKGROUND

On March 20, 2015, Plaintiff filed a complaint asserting one claim pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (Doc. 1). Plaintiff was limited to requesting declaratory and injunctive relief. *See* 42 U.S.C. § 12188(a).  Plaintiff amended her complaint on May 12, 2015. (Doc. 11). On August 27, 2015, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which was referred to the United States Magistrate Judge. (Doc. 20). On October 1, 2015, Plaintiff's counsel filed a suggestion of death pursuant to Fed. R. Civ. P. 25(a)(1). (Doc. 24). The same day, the United States Magistrate Judge entered an order stating that no action would be taken on Plaintiff's pending motion until a substitute plaintiff was joined. (Doc. 25).

## II.    DISCUSSION

Defendant contends that "an action seeking declaratory and injunctive relief and not money damages is extinguished upon the plaintiff's death." (Doc. 27-1 at p. 1). Defendant relies upon *Flores v. Fox*, 394 Fed.Appx. 170, 171—72 (5th Cir. 2010), wherein the Fifth Circuit instructed that a prisoner's death mooted his request for injunctive relief. *Id*. (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988); *Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3 (5th Cir. 1994)).  Defendant also asserts that an award for attorney's fees is no longer available given the absence of a viable claim under the ADA.

Because Plaintiff has not presented any argument in opposition, the Court will assume that Plaintiff concedes the applicability of the law cited by Defendant. *See Robinson v. City of St. Gabriel*, No. 13-cv-00298-BAJ-SCR, 2014 WL 991773, at *3 (M.D. La. Mar. 13, 2014). Upon review, this Court agrees that Plaintiff's death rendered her claim seeking declaratory and injunctive relief under the ADA moot. *See Flores v. Fox*, 394 Fed.Appx. 170, 171—72; *Barria v. Yu*, No. 08-cv-0908 BEN-CAB, 2010 WL 2653322, at *1 (S.D. Cal. July 1, 2010). Therefore, a party cannot be properly substituted as to Plaintiff for the only claim she asserted. Fed. R. Civ. P. 25(a)(1).

## III.    CONCLUSION

Accordingly,

It is **ORDERED** that Defendant's **Motion to Dismiss by Extinguishment (Doc. 27)** is **GRANTED.**

It is **FURTHUR ORDERED** that Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that Defendant's **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 19)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this __16th__ day of November, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**